EL PUEBLO, APELADO, *v.* SILVA ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 594.—Resuelto en marzo 11, 1913.

DERECHO PENAL—DESACATO POR PERJURIO—JURISDICCIÓN.—La jurisdicción de una corte para castigar por el procedimiento sumario de desacato el perjurio cometido en corte abierta, de acuerdo con la ley de marzo 9, 1911, cesa cuando el caso en el cual se cometió el perjurio deja de estar pendiente, o sea cuando se dicte sentencia, y por tanto los procedimientos por desacato deben ser iniciados antes de dictarse sentencia. *El Pueblo* v. *Valcourt*, 18 D. P. R., 484.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal,* y *Frank Martínez, Fiscal interino.*

Abogado de los apelantes: *Sr. Tomás Bernardini de la Huerta.*

EL JUEZ PRESIDENTE HERNÁNDEZ, emitió la opinión del tribunal.

En el presente caso la Corte de Distrito del Distrito Judicial de Guayama por sentencia de 15 de junio de 1912, declaró a Vicente Silva y Dionisio Suárez culpables de un delito de desacato mediante perjurio cometido por los mismos al declarar ante dicha corte en juicio de desahucio seguido por Mike O'Rourke contra Eugenio Pacheco, e impuso a Silva la pena de un mes y medio de cárcel y a Suárez la de tres meses, contra cuya sentencia interpusieron ambos recurso de apelación para ante esta Corte Suprema.

La representación de los apelantes y el Sr. Fiscal están conformes en que se revoque la sentencia apelada.

De la transcripcion de autos resulta que el juicio de desahucio en que se estimó cometido el desacato tuvo lugar el 23 de mayo de 1912, y que en ese mismo día la corte de Guayama lo terminó por sentencia que en igual fecha fué apelada por el demandado; mientras que las órdenes para que los apelantes explicaran las razones por las cuales no debieran ser castigados por desacato a la corte, fueron dictadas en 29 de mayo citado, habiendo sido oídos ambos en 11 de junio siguiente y dictádose la sentencia apelada en 15 del propio mes.

Como se ve, las órdenes que originaron los procedimientos por desacato fueron dictadas 6 días después de pronunciada la sentencia en el juicio civil en que se presume fué cometido, y por tanto, el presente caso debe regularse por los mismos principios consignados en nuestra opinión que sirvió de fundamento a la resolución del caso *El Pueblo* v. *Valcourt,* 18 D. P. R., 484.

El sentido y alcance de la sección 1ª de la ley número 41 para proveer un castigo sumario por el delito de perjurio cometido en corte abierta y para otros fines, aprobada en 9 de marzo de 1911, han sido expuestos en la opinión expresada y en la que sirvió de fundamento a la resolución posterior que dictó esta corte en el caso *El Pueblo* v. *Guzmán,* 18 D. P. R., 836. En ambos casos dejamos establecido el principio que los procedimientos por desacato deben iniciarse estando pendiente ante la corte el caso en que se cometió, lo cual ocurre desde que se presenta la demanda hasta que se dicta sentencia resolviendo la cuestión que se litiga. Cuando el caso deja de estar pendiente, la jurisdicción para castigar por desacato cometido mediante perjurio, cesa y el delincuente sólo puede ser procesado por el perjurio en la forma ordinaria.

Como la corte de Guayama carecía de jurisdicción para

iniciar los procedimientos por desacato en que fué dictada la sentencia apelada, ésta debe revocarse.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.